43 F.3d 1485
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David Lee HOWARD, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7094.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' decision dismissing David Lee Howard's appeal for lack of jurisdiction. Howard opposes and moves "to strike" the Secretary's motion.
 
 
 2
 The Board of Veterans Appeals granted Howard a total disability rating for paranoid schizophrenia. However, the Board denied Howard an effective date earlier than the date of his initial hospitalization in 1983. The Board also denied an increased rating for knee meniscectomy. More than a year later, Howard sought reconsideration by the Chairman of the Board. The Chairman denied reconsideration and Howard appealed to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed Howard's appeal for lack of jurisdiction because, in his motion for reconsideration, Howard did not allege new evidence or changed circumstances and because Howard may not have filed a timely Notice of Disagreement. Howard appealed to this court.
 
 
 3
 This court stayed Howard's appeal pending its decision in Mayer v. Brown, no. 94-7038. This court's decision in Mayer issued on September 23, 1994. In Mayer, we held that the Court of Veterans Appeals does not have jurisdiction to review the Chairman's denial of reconsideration under circumstances similar to these. Mayer v. Brown, no. 94-7038, slip op. at 4 (Fed.Cir. Sept. 23, 1994). The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Howard's appeal should be summarily affirmed based on our holding in Mayer. In response, Howard argues in his motion to strike that this court cannot summarily affirm because the Court of Veterans Appeals dismissed his appeal on different grounds than the ground relied on by the Secretary.
 
 
 4
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Mayer. As in Mayer, the Court of Veterans Appeals had no jurisdiction to review the Chairman's denial of Howard's motion for reconsideration because Howard had not timely appealed from a Board decision. Howard's argument, that the Secretary cannot argue that the Court of Veterans Appeals properly dismissed his appeal on a ground different than that relied upon by the Court of Veterans Appeals, is incorrect. In this court's decision in Mayer, we affirmed the Court of Veterans Appeals' dismissal of an appeal for lack of jurisdiction on the ground that the Court of Veterans Appeals would never have jurisdiction over an appeal from only the Chairman's denial of reconsideration, even though the Court of Veterans Appeals dismissed on the ground that Mayer had not alleged new evidence or changed circumstances. Mayer, slip op. at 6.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The stay of proceedings is lifted.
 
 
 7
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 8
 (3) Howard's motion to strike is denied.
 
 
 9
 (4) Each side shall bear its own costs.